MERRICK GARLAND
United States Attorney General

BROCK HEATHCOTTE
Arizona State Bar No. 014466
NEIL SINGH
Arizona State Bar No. 021327
Special Assistant U.S. Attorneys
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona  85004-4449
Telephone: (602) 514-7500
Facsimile:  (602) 514-7693
Brock.Heathcotte@usdoj.gov
Neil.Singh@usdoj.gov
*Attorneys for Defendant United States*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Joseph O'Shaughnessy, *et al*., | No. 2:22-cv-01039-WQH-EJY |
| Plaintiffs, | **ANSWER** |
| v. | |
| United States of America, | |
| Defendant. | |

Defendant United States of America submits the following Answer to Plaintiffs' Complaint (Doc. 1) responding in like numbered paragraphs to the numbered paragraphs in the Complaint. Any allegation in the Complaint not expressly admitted herein is denied.

This Court's order dated November 20, 2023 (Doc. 50) dismissed some of Plaintiffs' claims which renders many of the allegations in the Complaint moot.

1. Deny.

2. Defendant admits only that venue of the action would be appropriate if Plaintiffs can establish jurisdiction exists for the claims asserted.

3. Defendant has insufficient information to properly respond to the factual

assertions in this paragraph, and therefore denies.

4. Defendant has insufficient information to properly respond to the factual assertions in this paragraph, and therefore denies.

5. Defendant has insufficient information to properly respond to the factual assertions in this paragraph, and therefore denies.

6. Defendant has insufficient information to properly respond to the factual assertions in this paragraph, and therefore denies.

7. Defendant admits only that Plaintiffs' Complaint refers to these Plaintiffs as the "Tier 2 Plaintiffs." Defendant denies all substantive factual and legal allegations in paragraph 7.

8. Defendant has insufficient information to properly respond to the factual assertions in this paragraph, and therefore denies.

9. Defendant has insufficient information to properly respond to the factual assertions in this paragraph, and therefore denies.

10. Defendant has insufficient information to properly respond to the factual assertions in this paragraph, and therefore denies.

11. Defendant has insufficient information to properly respond to the factual assertions in this paragraph, and therefore denies.

12. Defendant has insufficient information to properly respond to the factual assertions in this paragraph, and therefore denies.

13. Defendant has insufficient information to properly respond to the factual assertions in this paragraph, and therefore denies.

14. Defendant admits that Plaintiffs' Complaint refers to these Plaintiffs as the "Bundy Family Plaintiffs." This paragraph makes no factual allegations that require further response.

15. Defendant admits that Plaintiffs' Complaint refers to all Plaintiffs as "Plaintiffs." This paragraph makes no factual allegations that require further response.

16. Defendant admits, upon information and belief, that all employees listed in

this paragraph were acting within their capacities as employees of Defendant when investigating and prosecuting the Tier 2 Plaintiffs. Defendant admits that it is the federal government and admits its agencies include those listed in this paragraph. Defendant denies all other allegations in this paragraph and its subparts.

17. Defendant admits only that Plaintiffs' Complaint refers to these individuals as "Government employees." Defendant denies all other allegations in this paragraph.

18. Deny. This Court's order dated November 20, 2023 (Doc. 50) dismissed Plaintiffs' claims against the "Doe and Roe Defendants."

19. This paragraph contains no allegations.

20. Defendant has insufficient information to properly respond to the factual assertions in this paragraph, and therefore denies.

21. Defendant has insufficient information to properly respond to the factual assertions in this paragraph, and therefore denies.

22. Defendant has insufficient information to properly respond to the factual assertions in this paragraph, and therefore denies.

23. Defendant has insufficient information to properly respond to the factual assertions in this paragraph, and therefore denies.

24. Defendant has insufficient information to properly respond to the factual assertions in this paragraph, and therefore denies.

25. Defendant denies that the Bundy family's cattle were lawfully grazing on federal lands during the time periods relevant to this litigation. As to the remaining allegations, Defendant has insufficient information to properly respond to the factual assertions in this paragraph, and therefore denies.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

30. Deny.

1     31. Deny.

2     32. Admit that the Cattle Impoundment Operation was unsuccessful, and affirmatively assert that this was due to the criminal acts perpetrated by multiple individuals including some of the Plaintiffs. Deny all remaining allegations.

5     33. Deny.

6     34. Deny.

7     35. Deny.

8     36. This paragraph contains no allegations.

9     37. Deny.

10     38. Deny.

11     39. Deny.

12     40. Deny.

13     41. Defendant admits only that witnesses were interviewed and reports concerning events were created. Defendant denies all other allegations in this paragraph.

15     42. Deny.

16     43. Deny.

17     44. Defendant admits only that it hired contractors to perform work during the impoundment operation. Defendant denies all other allegations in this paragraph.

19     45. Deny.

20     46. Deny.

21     47. Deny.

22     48. Deny.

23     49. Deny.

24     50. Deny.

25     51. Deny.

26     52. Deny.

27     53. Deny. In addition, Defendant neither confirms nor denies any factual allegations involving confidential informants and affirmatively asserts the Government's

legal authority to maintain such facts as confidential.

54. Deny.

55. Defendant admits only that Sherriff Gillespie attempted to calm the situation. Defendant denies all other allegations in this paragraph.

56. Deny. Defendant specifically denies that any Nevada officials ordered its employees to "wind-down" the legal impoundment operation, or to release the Bundy family's cows.

57. Deny.

58. Deny.

59. Deny.

60. Deny.

61. Deny.

62. Deny.

63. Deny.

64. Deny.

65. Deny. Defendant can neither admit nor deny the accuracy of the alleged quotation from Grand Jury proceedings, as such proceedings are sealed.

66. Deny.

67. Deny.

68. Deny.

69. Deny.

70. Deny.

71. Deny. Defendant can neither admit nor deny the accuracy of the alleged quotation from Grand Jury proceedings, as such proceedings are sealed.

72. Deny.

73. Deny.

74. Deny.

75. Deny.

76. Deny.

77. Deny.

78. Deny, and specifically deny that the individuals induced by some of the Plaintiffs traveled to Nevada to protest in a manner consistent with the First Amendment free speech clause or religious freedom clause.

79. Deny.

80. Deny. Defendant can neither admit nor deny the accuracy of the alleged quotation from Grand Jury proceedings, as such proceedings are sealed.

81. Deny.

82. Deny.

83. Deny.

84. Deny.

85. Deny.

86. Defendant admits only that on March 3, 2016, the Tier 2 Plaintiffs were arrested. Defendant denies all other allegations in this paragraph.

87. Defendant admits only that an indictment was filed. Defendant denies all other allegations in this paragraph.

88. Deny.

89. Deny.

90. Deny.

91. Deny.

92. Deny.

93. Defendant admits only that the indictment is a document that is readily available to all parties and says what it says. Defendant denies all other allegations in this paragraph.

94. Defendant admits only that the indictment is a document that is readily available to all parties and says what it says. Defendant denies all other allegations in this paragraph.

1     95. Deny.

2     96. Deny.

3     97. Defendant admits only that the indictment is a document that is readily available to all parties and says what it says. Defendant denies all other allegations in this paragraph.

6     98. Deny.

7     99. Deny.

8     100. Defendant admits only that the indictment is a document that is readily available to all parties and says what it says. Defendant denies all other allegations in this paragraph.

11     101. Deny.

12     102. Deny.

13     103. Deny.

14     104. Deny.

15     105. Deny.

16     106. Deny.

17     107. Defendant admits only that the indictment is a document that is readily available to all parties and says what it says. Defendant denies all other allegations in this paragraph.

20     108. Defendant admits only that the indictment is a document that is readily available to all parties and says what it says. Defendant denies all other allegations in this paragraph.

23     109. Deny.

24     110. Deny.

25     111. Deny.

26     112. Deny.

27     113. Deny.

28     114. Deny.

115. Deny.

116. Deny.

117. Deny.

118. Admit that Mr. Wooten addressed some of his perceived disagreements regarding the prosecution with the prosecution team. Deny any characterization intended by Plaintiffs of these disagreements and specifically deny that Mr. Wooten's personal opinions held merit.

119. Deny.

120. Deny.

121. Deny.

122. Defendant admits only that BLM employee Wooten submitted a memorandum making general allegations against the agency and federal employees. The document is readily available to all parties and says what it says. Defendant denies all other allegations in this paragraph.

123. Defendant admits only that BLM employee Wooten submitted a memorandum making general allegations against the agency and federal employees. The document is readily available to all parties and says what it says. Defendant denies all other allegations in this paragraph.

124. Defendant admits only that BLM employee Wooten submitted a memorandum making general allegations against the agency and federal employees. The document is readily available to all parties and says what it says. Defendant denies all other allegations in this paragraph.

125. Defendant admits only that the criminal litigation against the Tier 2 defendants involved accusations of failure to disclose documents by the prosecution. Defendant denies all other allegations in this paragraph.

126. Defendant admits only that Judge Navarro presided over a hearing concerning potential *Brady* violations. Defendant denies all other allegations in this paragraph and specifically denies that any *Brady* violations in this action negated probable

cause to arrest and indict Plaintiffs.

127. Defendant admits only that Judge Navarro ruled that there were *Brady* violations that required dismissal of the indictment of the Tier 1 defendants, and that the court's orders in that respect say what they say. Defendant denies all other allegations in this paragraph.

128. Defendant admits only that the prosecution moved to dismiss the indictment of the Tier 2 Plaintiffs on February 7, 2018. Defendant denies all other allegations in this paragraph.

129. This paragraph contains no allegations. .

130. Deny.

131. This paragraph contains no allegations.

132. Deny.

133. Deny.

134. Deny.

135. This paragraph contains no allegations.

136. This paragraph contains legal argument with citations to statutes and cases. Defendant reserves the right to dispute Plaintiffs' interpretation of the applicability of those statutes and cases to the facts of this case once discovery has taken place. To the extent Defendant is required to take a position now, Defendant has insufficient information to admit or deny and therefore denies.

137. This paragraph contains legal argument with citations to statutes and cases. Defendant reserves the right to dispute Plaintiffs' interpretation of the applicability of those statutes and cases to the facts of this case once discovery has taken place. To the extent Defendant is required to take a position now, Defendant has insufficient information to admit or deny and therefore denies.

138. This paragraph contains legal argument with citations to statutes and cases. Defendant reserves the right to dispute Plaintiffs' interpretation of the applicability of those statutes and cases to the facts of this case once discovery has taken place. To the extent

1  Defendant is required to take a position now, Defendant has insufficient information to
2  admit or deny and therefore denies.
3     139.   Deny.
4     140.   Deny.
5     141.   This paragraph contains legal argument with citations to statutes and cases.
6  Defendant reserves the right to dispute Plaintiffs' interpretation of the applicability of those
7  statutes and cases to the facts of this case once discovery has taken place. To the extent
8  Defendant is required to take a position now, Defendant has insufficient information to
9  admit or deny and therefore denies.
10    142.   This paragraph contains legal argument with citations to statutes and cases.
11 Defendant reserves the right to dispute Plaintiffs' interpretation of the applicability of those
12 statutes and cases to the facts of this case once discovery has taken place. To the extent
13 Defendant is required to take a position now, Defendant has insufficient information to
14 admit or deny and therefore denies.
15    143.   This paragraph contains legal argument with citations to statutes and cases.
16 Defendant reserves the right to dispute Plaintiffs' interpretation of the applicability of those
17 statutes and cases to the facts of this case once discovery has taken place. To the extent
18 Defendant is required to take a position now, Defendant has insufficient information to
19 admit or deny and therefore denies.
20    144.   Deny.
21    145.   Deny.

## AFFIRMATIVE DEFENSES

24    1.   Plaintiffs' recovery is limited to the damages recoverable under the Federal
25 Tort Claims Act.
26    2.   Plaintiffs failed to bring their action within the applicable statute of
27 limitations for filing suit and/or for serving a claim pursuant to the FTCA.

3. Pursuant to 28 U.S.C. § 2675(b), Plaintiffs are prohibited from claiming or recovering an amount against the Defendant in excess of the amount set forth in any administrative claim he may have presented to the United States or its agencies.

4. Pursuant to 28 U.S.C. § 2412(d)(1)(A), Plaintiffs cannot recover attorney's fees from the United States.

5. Pursuant to 28 U.S.C. § 2674, Plaintiffs cannot recover any amount for pre-judgment interest from the United States.

6. Plaintiffs' complaint, in whole or in part, fails to state a claim upon which relief may be granted.

7. Plaintiffs' Complaint fails the requirements of Rule 8 of the Federal Rules of Civil Procedure and merely contains labels and conclusions and threadbare recitals of the elements of causes of action. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

8. Defendant United States did not breach any duty it owed to Plaintiffs.

9. Plaintiffs were contributorily negligent.

10. Defendants acted reasonably and appropriately under the totality of the circumstances.

11. Defendants possessed reasonable suspicion and/or probable cause to believe that the Plaintiffs committed a crime.

12. Plaintiffs may have failed to mitigate their damages.

13. Defendant hereby reserves the right to plead all other affirmative defenses or any other applicable state and federal statute which through discovery it learns may be applicable.

**WHEREFORE**, having fully answered the Complaint, Defendant prays that Plaintiffs take nothing by way of their Complaint, that the same is dismissed, and that judgment be awarded in favor of Defendant, together with costs and such other and further relief as the Court deems appropriate in this case.

1
2        Respectfully submitted on December 18, 2023.
3                                        MERRICK GARLAND
                                         United States Attorney General
4
5                                        *s/ Brock Heathcotte*
                                         BROCK HEATHCOTTE
6                                        NEIL SINGH
                                         Special Assistant United States Attorneys, Acting
7                                        Under Authority Conferred by 28 U.S.C. § 515
                                         *Attorneys for Defendant United States*
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

Craig A. Marquiz
Marquiz Law Office, P.C.
3088 Via Flaminia Court
Henderson, NV 89052
(702) 263-5533
Fax: (702) 263-5532
Email: marquizlaw@cox.net

*s/ Allison Tambs*
United States Attorney's Office