UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH O'SHAUGHNESSY, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendants. | Case No.: 2:22-cv-01039-WQH-EJY |
| TODD C. ENGEL,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; DOES 1 through 100; and ROES 1 through 100, inclusive,<br><br>        Defendants. | Case No.: 2:22-cv-01039-WQH-EJY<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are: (1) the Motion to Consolidate These Related Matters for All Purposes ("Motion to Consolidate"), filed by all Plaintiffs (Case No. 2:22-cv-01039, ECF No. 68; Case No. 2:22-cv-01040, ECF No. 59), and (2) the Motion for a Stay of the Entire Case in Light of Lapse of Appropriations ("Motion for Stay of Case"), filed by Defendant (Case No. 2:22-cv-01039, ECF No. 83; Case No. 2:22-cv-01040, ECF No. 74).

I.  **Motion to Consolidate**

Plaintiffs request the consolidation of *O'Shaughnessy, et al. v. United States of America*, 2:22-cv-01039-WQH-EJY ("*O'Shaughnessy*"), and *Engel v. United States of America*, 2:22-cv-01040-WQH-EJY ("*Engel*"), "for all purposes" pursuant to Federal Rule of Civil Procedure 42(a).

Defendant filed a response stating that Defendant "takes no position on the motion to consolidate filed by Plaintiffs, neither opposing nor supporting it." (Case No. 2:22-cv-01039, ECF No. 73 at 1; Case No. 2:22-cv-01040, ECF No. 64 at 1.)

Rule 42 of the Federal Rules of Civil Procedure grants the Court authority to consolidate actions before the Court if they "involve a common question of law or fact." "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 72 (2018). "[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Id*. at 70. After consolidation, the suits "remain as independent as before." *Id*. The two cases may be tried separately. *See* Fed. R. Civ. P. 42(b). One case can be "finally decided" while another remains pending, in which case it is "immediately appealable by the losing party." *Hall*, 584 U.S. at 77. Consolidation is "a mere matter of convenience in administration." *Id*. at 70. "Consolidation eliminates the need for the parties and for the Court to file duplicate filings on two separate dockets. It is purely a matter of efficiency and does not otherwise affect the actions." *McCleary v. Singh*, No. CV-24-08056-PCT-DWL, 2024 WL 4728649, at *1–2 (D. Ariz. Nov. 8, 2024) (quotation omitted).

The claims and defenses in the *O'Shaughnessy* action and the *Engel* action contain significant factual and legal overlap. Accordingly, the Court finds that "the actions … involve a common question of law or fact," Fed. R. Civ. P. 42(a), such that consolidation pursuant to Rule 42 may be appropriate. Plaintiffs in both cases assert that "most, if not all, of the discovery to be completed in these matters is the same" (Case No. 2:22-cv-01039, ECF No. 68 at 3; Case No. 2:22-cv-01040, ECF No. 59 at 3), and Defendant does not

1  dispute this assertion. The Court finds that considerations of judicial economy and
2  conservation of the parties' resources weigh in favor of consolidation of the cases for
3  discovery proceedings. However, the *O'Shaughnessy* action and the *Engel* action have
4  different complaints with differences in the factual allegations, and the Motion to
5  Consolidate does not propose that the Plaintiffs in each action would file a consolidated
6  complaint to merge the allegations and claims of the *O'Shaughnessy* Plaintiffs and the
7  *Engel* Plaintiff into a single operative pleading. In light of this, the Court finds that the
8  interests of clarity and preserving the parties' respective rights weigh in favor of keeping
9  the two actions separate for consideration of any potentially dispositive motion filed
10 pursuant to Federal Rule of Civil Procedure 56. After the expiration of the deadline to file
11 Rule 56 motions and following the ruling on any Rule 56 motion(s), any party may file a
12 motion to consolidate the cases for purposes of trial if appropriate.

13  **II.  Motion for Stay of Case**

14  Pursuant to 31 U.S.C. § 1342 and due to the current lapse in Federal Government
15 appropriations, Defendant "requests a stay of the entire case until Congress has restored
16 appropriations to the Department [of Justice]." (Case No. 2:22-cv-01039, ECF No. 83 at 2;
17 Case No. 2:22-cv-01040, ECF No. 74 at 2.)

18  Plaintiffs in each action oppose the requested stay, asserting that "funding is (and
19 will be) expressly available for the Government's continued defense of this case if this
20 Court denies the United States' request." (Case No. 2:22-cv-01039, ECF No. 86 at 3; Case
21 No. 2:22-cv-01040, ECF No. 77 at 3.) Plaintiffs contend that, if the Court entered a stay,
22 Plaintiffs "would be severely prejudiced as they would be further delayed in their quest for
23 justice and their ability to secure relevant evidence in support of their affirmative claims
24 for relief and to undermine the Government's defenses," and "a stay would only serve to
25 thwart the parties' ability to timely and orderly conduct discovery and prepare this matter
26 for trial." (Case No. 2:22-cv-01039, ECF No. 86 at 4, 5; Case No. 2:22-cv-01040, ECF No.
27 77 at 4, 5.)
28

At midnight on September 30, 2025, funding for the Department of Justice expired and appropriations to the Department lapsed. The date when funding will be restored by Congress has not been established. Absent funding, Assistant U.S. Attorneys and support staff assigned to the Civil Division of the U.S. Attorney's Office who are funded by direct appropriations may not lawfully provide uncompensated services on behalf of the Government except as "authorized by law" and except "for emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342 ("An officer or employee of the United States Government … may not accept voluntary services … exceeding that authorized by law except for emergencies involving the safety of human life or the protection of property."). "[T]he term 'emergencies involving the safety of human life or the protection of property' does not include ongoing, regular functions of government the suspension of which would not imminently threaten the safety of human life or the protection of property." *Id*. There is no assertion that these cases constitute "emergencies involving the safety of human life or the protection of property." *Id*.

Plaintiffs contend that the Court has the power to order Defendant to continue working on these cases even in the absence of funding, and this Court's order would then make the Department of Justice's work on the case "authorized by law" within the meaning of 31 U.S.C. § 1342. *Id*. There is debate among judges as to this interpretation of 31 U.S.C. § 1342, as exemplified by the competing opinions in *Kornitzky Grp., LLC v. Elwell*, 912 F.3d 637 (D.C. Cir. 2019). For the purposes of this Order, the Court assumes that it is empowered to require Department of Justice personnel to work without compensation on this case, even in the absence of an emergency involving the safety of human life or the protection of property.

"[T]he decision to grant a stay ... is 'generally left to the sound discretion of district courts.'" *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). A district court weighs the following factors when considering a motion to stay: "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the

orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

Plaintiffs cite two cases arising out of this District in which government requests for stays due to prior shutdowns were denied: *Nevada v. United States*, No. 3:18-CV-569-MMD-CBC, 2019 WL 11029477 (D. Nev. Jan. 2, 2019); and *F.T.C. v. Johnson*, No. 2:10-CV-02203-MMD, 2013 WL 6577026 (D. Nev. Oct. 3, 2013). In *Nevada*, the State of Nevada sought emergency injunctive relief to stop the Federal Government from shipping one metric ton of plutonium from South Carolina to a site approximately 90 miles northwest of Las Vegas, and the State contended that "the proposed action will result in increased radiation doses to Nevada citizens and would, in some circumstances, lead to contamination of the state's lands and groundwater with radioactive materials." *Nevada*, 2019 WL 11029477, at *1. Because of the Federal Government's "refusal to assure that it will not proceed with the asserted harmful conduct before the [preliminary injunction] Motion is resolved," the court found that "a stay here is likely to prejudice the state in exercising its vested interest in protecting its residents and lands by having this Court proceed with the scheduled hearing regarding the impending transport of plutonium." *Id*. In *Johnson*, a case involving 175 parties, a preliminary injunction had been entered and the Federal Trade Commission alleged that approximately $300 million of disputed funds belonged to consumers defrauded by defendants. The court stated that seven expert depositions were scheduled to occur less than a month from the date of the order and "[r]escheduling depositions of seven experts will undoubtedly present scheduling and coordination challenges, particularly given the number of parties and counsel involved in this case." *Johnson*, 2013 WL 6577026, at *1. The court denied the requested stay, finding that "[f]urther delay would work to prejudice Defendants as well as consumers, whose interest the FTC seeks to protect." *Id*.

Here, by contrast, there are no pending discovery requests or scheduled depositions. There is no indication that a limited delay would increase the likelihood of spoilation of evidence or cause any other tangible prejudice to any party. The only current deadline in this case was set on October 1, 2025, when Magistrate Judge Elayna J. Youchah ordered as follows:

> No later than 45 days after the government is refunded the employees of the US Attorney's Office are returned to work, the parties are to meet and confer to initially discuss the Aioki database and anything else at issue. The meet and confer must be either in person or via videoconference. The parties shall continue to meet and confer every 15 days thereafter unless and until the parties reach an impasse and the process becomes futile, in which case the Court should be notified.

(Case No. 2:22-cv-01039, ECF No. 84; Case No. 2:22-cv-01040, ECF No. 75.) The Court recognizes that this case is of great importance to the parties, and it is in the interest of the parties, the public, and the judiciary that cases are resolved in a timely manner. However, the Court finds that 31 U.S.C. § 1342 expresses a congressional intent that, in the absence of unusual circumstances, Department of Justice employees should not be required to work on civil cases without funding. Unusual circumstances of the type discussed in the *Nevada* and *Johnson* cases are not present here. Based on the current record, the Court finds that a stay is warranted. The above-captioned cases are stayed until the funding for the Department of Justice has been restored. This ruling is without prejudice to any party filing a motion to lift the stay based upon a showing of good cause.

### III. Conclusion

IT IS HEREBY ORDERED that the Motion to Consolidate is granted in part and denied in part. (Case No. 2:22-cv-01039, ECF No. 68; Case No. 2:22-cv-01040, ECF No. 59.) As of the date of this Order, the *O'Shaughnessy* action is consolidated with the *Engel* action for discovery proceedings only. While the cases are consolidated, the *O'Shaughnessy* action shall be the lead case and all filings addressing either case shall be filed in the *O'Shaughnessy* action only. For clarity purposes, all filings by the parties while

| | |
|---|---|
| 1 | these actions are consolidated shall have captions referencing both cases (such as in the |
| 2 | caption of this Order), although they will be filed in the *O'Shaughnessy* action only. |
| 3 | IT IS FURTHER ORDERED that the consolidation of the cases shall cease without |
| 4 | further order of the Court at the earlier of: (a) the date of the discovery cut-off in the then- |
| 5 | operative scheduling order, or (b) the filing of any motion pursuant to Federal Rule of Civil |
| 6 | Procedure 56. Any motion(s) and briefing pursuant to Rule 56 will not be consolidated. |
| 7 | Any Rule 56 motion addressing claims in the *O'Shaughnessy* Complaint must be filed in |
| 8 | the *O'Shaughnessy* action, and any Rule 56 motion addressing claims in the *Engel* |
| 9 | Complaint must be filed in the *Engel* action. The Clerk of the Court shall file this Order in |
| 10 | the *O'Shaughnessy* action and the *Engel* action. Pursuant to Civil Local Rule 42-1(b), the |
| 11 | Clerk of the Court shall administratively close the *Engel* action, and the *Engel* action shall |
| 12 | remain administratively closed while these cases are consolidated. |
| 13 | IT IS FURTHER ORDERED that the Motion for Stay of Case is granted. (Case No. |
| 14 | 2:22-cv-01039, ECF No. 83; Case No. 2:22-cv-01040, ECF No. 74.) The above-captioned |
| 15 | cases are stayed until the funding for the Department of Justice has been restored. Once |
| 16 | funding has been restored, any party may file a motion to lift this stay. This ruling is without |
| 17 | prejudice to any party filing a motion to lift the stay based upon a showing of good cause. |
| 18 | Dated: October 9, 2025 |

Hon. William Q. Hayes
United States District Court